**MOTOROLA CREDIT CORPORATION and Nokia Corporation, Plaintiffs–Appellees–Cross–Appellants,**

v.

**Kemal UZAN, Cem Cengiz Uzan, Murat Hakan Uzan, Melahat Uzan, Aysegul Akay, Antonio Luna Betancourt, Unikom Iletism Hizmetleri Pazarlama A.S., Standart Pazarlama A.S., and Standart Telekomunikasyon Bilgisayar Hizmetleri A.S., Defendants–Appellants–Cross–Appellees.**

Nos. 03–7792(L), 03–7878(XAP), 03–7794(CON), 03–7796(CON).

United States Court of Appeals, Second Circuit.

Oct. 22, 2004.

Floyd Abrams (R. Stan Mortenson, Baker Botts, L.L.P., Washington, DC), Cahill, Gordon & Reindel, L.L.P., New York, NY, Nathan Lewin (Robert F. Serio, Gibson, Dunn & Crutcher, L.L.P., New York, NY), Lewin & Lewin, L.L.P., Washington, DC, Carter G. Phillips (Bradford A. Berenson), Sidley, Austin, Brown & Wood, L.L.P., Washington, DC, for Appellants, of counsel.

Howard Stahl (Steven K. Davidson, Charles G. Cole, Bruce C. Bishop), Steptoe & Johnson, L.L.P., Washington, DC, Craig A. Stewart (Anthony J. Franze), Arnold & Porter, L.L.P., Washington, DC, Jason Brown (David D. Howe), Holland & Knight, L.L.P., New York, NY, for Appellees, of counsel.

PRESENT: MINER, CALABRESI and CABRANES, Circuit Judges.

## SUMMARY ORDER

By an opinion filed on the same day as this order, this Court affirmed in part and vacated in part the judgment of the District Court in favor of plaintiffs. As a threshold matter, plaintiffs move to dismiss the instant appeal under the fugitive disentitlement doctrine. We deny this motion.

Defendants do not dispute that we have the discretion to dismiss this appeal under *Empire Blue Cross & Blue Shield v. Finkelstein*, 111 F.3d 278 (2d Cir.1997), in which we dismissed an appeal by civil defendants who fled the jurisdiction after an adverse judgment was entered against them, thus rendering the judgment unenforceable.

However, we decline to exercise that discretion for two reasons. First, unlike the parties in *Finkelstein*, who decamped from the jurisdiction after an adverse judgment, *see Finkelstein*, 111 F.3d at 281–82, the individual defendants in this case have resided in a foreign country all along, and were only "present" in the Southern District in the barest sense necessary to support personal jurisdiction. Although there is no *per se* rule against

dismissing the appeal of a nonresident, we believe that a nonresident who appeals an adverse judgment is in a different position than the typical fugitive who leaves a jurisdiction for the sole purpose of evading a judgment. Second, this appeal principally involves discrete challenges to the District Court's subject matter jurisdiction that can be adjudicated without the appellants being present either before the District Court or before this Court. We conclude that defendants' actions have not been "sufficiently disruptive of the appellate process that dismissal would be a reasonable response." *Ortega–Rodriguez v. United States,* 507 U.S. 234, 251, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993).

The motion to dismiss is therefore denied.